IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:17-CR-80-GHD

AARON ALANA                                                               DEFENDANT

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Presently before the Court is the Defendant's *pro se* Motion for Compassionate Release [46], which he filed under 18 U.S.C. 3582(c)(1)(A)(i), based upon his mother's and his grandmother's health issues that he avers create a need for him to act as their sole available caretaker. The Government opposes the Defendant's motion. Upon due consideration and for the reasons set forth herein, the Court denies the Defendant's motion.

*Relevant Background*

After being charged in a two count Indictment [1] in July 2017, the Defendant Aaron Alana pled guilty to one count of knowingly using facilities in interstate commerce to entice a minor to engage in sexual activity [25]. On June 14, 2018, the Court sentenced Alana to serve a term of imprisonment of 120 months [36].[1] Alana is currently housed at the Springfield Medical Center for Federal Prisoners in Springfield, Missouri, with an expected release date of December 22, 2026.[2] Alana has served 77 months of his 120-month sentence. Now, Alana requests that the Court reduce his sentence to time-served in order for him to serve as sole available caretaker for his mother and grandmother [46].

---

[1] The 120 month sentence was the mandatory required minimum sentence; the Sentencing Guidelines called for a sentence of 168 months to 210 months. 18 U.S.C. § 2422(b).

[2] See https://www.bop.gov/inmateloc/.

*Analysis and Discussion*

"A judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" *U.S. v. McCallister*, No. 13-320-01, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). Although the Court's authority to modify a sentence of imprisonment is limited, 18 U.S.C. § 3582(c)(1)(A) provides such authorization.

Under Section 3582(c)(1)(A)(i), the Court may modify a previously imposed term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," "the defendant is not a danger to the safety of any other person or the community," and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The statute also contains an exhaustion of administrative remedies requirement, specifically stating that the district court may act to modify the sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *Id.* at § 3582(c)(1)(A). Here, Alana has exhausted his administrative remedies by applying for compassionate release to the Bureau of Prisons, which denied his request because his situation does not involve the death or incapacitation of a primary caregiver that has left a minor child without a family member caregiver [46-6].

As noted above, Section 3582(c)(1)(A)(i) authorizes a reduction of a previously imposed term of imprisonment when "extraordinary and compelling reasons warrant such a reduction," "the defendant is not a danger to the safety of any other person or the community," and "a reduction is

2

consistent with the applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Turning to the Sentencing Guidelines, U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that a reduction in a term of imprisonment is authorized if the court finds that extraordinary and compelling reasons warrant the reduction and the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13; see also *United States v. Wright*, No. 16-214-04, 2020 WL 1976828, at *4 (W.D. La. Apr. 24, 2020) (citing U.S.S.G. § 1B1.13 in considering and denying motion for compassionate release). U.S.S.G. §§ 1B1.13(b)(3)(C) and (D) provide that extraordinary and compelling reasons may exist if "incapacitation of the defendant's parent [occurs] and the defendant would be the *only available caregiver* for the parent." U.S.S.G. § 1B1.13(b)(3)(C), (D).[3]

To support his request for immediate release, Alana asserts that due to "the incapacitation of both his Mother and Grandmother" and the fact that he is "the only available caregiver," extraordinary and compelling reasons exist that warrant his compassionate release [46-9]. Alana, however, has provided no medical documentation to verify that his grandmother or mother are incapacitated and that he is the sole available family caregiver. Further, he does not explain his older brother or sister's current status or offer reasons why they are unable to act as caregivers. Indeed, the latest information the Court has received indicates that both of the Defendant's siblings reside in the vicinity of the Defendant's mother and grandmother and neither sibling appears to be unable to act as a caregiver [PSR, Doc. 32, at §§ 40, 43].

---

[3] Courts across the country have disagreed as to whether § 1B1.13 constitutes an exhaustive list of reasons for compassionate release or whether other considerations can likewise be considered. See *United States v. Cook*, No. 17-20, 2020 WL 1974924, at *5-6 (W.D. Pa. April 24, 2020) (collecting cases).

The Court finds that these facts, which are unchallenged by the Defendant, weigh against the Defendant's request for compassionate release. Given the Defendant's lack of evidence demonstrating that he must act as his mother's and grandmother's sole caregiver, the Court finds that the Defendant's compassionate release is not justified. The Defendant, who bears the burden of persuasion regarding compassionate release, has failed to meet his burden; the Court shall therefore deny the Defendant's motion. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

In sum, Alana bears the burden to establish that he is entitled to compassionate release. See, e.g., *U.S. v. Crandle*, No. 10-35-SDD-RLB, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). The Court, having considered all the relevant factors and the evidence presented, finds that Alana has failed to show the existence of extraordinary and compelling reasons justifying the significant sentence reduction which he has requested.

*Conclusion*

For all of the foregoing reasons, the Court finds that the Defendant has not shown that his sentence should be modified, and therefore hereby ORDERS that the Defendant's motion for compassionate release [46] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 26 day of November, 2024.

_____
SENIOR U.S. DISTRICT JUDGE

4